**R–GOSHEN LLC, Plaintiff–Appellant,**

**v.**

**Reynall ANDREWS, c/o Planning Board of the Village of Goshen, George Urbannick, c/o Planning Board of the Village of Goshen, Jerome O'Donnell,** c/o Planning Board of the Village of Goshen, Elaine McClung, c/o Planning Board of the Village of Goshen, Roger A. Pikul, Village of Goshen, Marcia Matthews,* Weldon A. Abt, Defendants–Appellees.

Docket No. 03–9359.

United States Court of Appeals, Second Circuit.

Oct. 6, 2004.

---

\* Marcia Mattheus was sued incorrectly under the name Matthews, which appears in the official caption of the case.

Richard D. Malmed, Philadelphia, PA, for Appellant.

James M. Skelly (Noe Ramon N. Ilano, Marks, O'Neill, O'Brien & Courtney, P.C., on the brief), Elmsford, NY, for Appellees Village of Goshen, Marcia Mattheus, Jerome O'Donnell, Roger A. Pikul, Reynell Andrews, and George Urbannick.

Richard B. Golden, Burke, Miele & Golden, LLP, Goshen, NY, for Appellee Elaine McClung.

Braden H. Farber, Milber Makris Plousadis & Seiden, LLP, Garden City, NY, for Appellee Weldon A. Abt.

PRESENT: WALKER, Chief Judge, STRAUB, Circuit Judge, and RAKOFF, District Judge.**

## SUMMARY ORDER

Plaintiff-appellant R–Goshen LLC ("R–Goshen") appeals from the order of the United States District Court for the Southern District of New York (Colleen McMahon, *Judge*) denying plaintiff-appellant's motion for summary judgment and granting defendants-appellees' cross-motion for summary judgment. The district court held that (1) the 42 U.S.C. § 1983 claim against defendant-appellee Weldon A. Abt

was not actionable because, as a professional consultant, he was not a state actor; (2) the § 1983 claims against the Village of Goshen defendants-appellees should be dismissed because (a) the takings claim was not ripe for review, (b) R–Goshen did not have a legitimate, constitutionally protected property interest to support a substantive due process violation claim, (c) the procedural due process violation claim was without merit, and (d) there was no evidence of impermissible motive for R–Goshen's equal protection violation claim; and (3) the 42 U.S.C. § 1985 claim, as against all defendants-appellees, should be dismissed because there was no evidence of class-based animus. Familiarity with the facts and procedural history is assumed.

On appeal, R–Goshen, which brought suit against the Village of Goshen and individuals involved in the consideration of R–Goshen's application for a land use permit, argues: (1) Section 15 of the Village of Goshen's Zoning Code is unconstitutional; (2) defendants-appellees were aware of or recklessly indifferent to the alleged unconstitutionality of the ordinance; (3) defendants-appellees avoided Article 78 review of the constitutionality of the ordinance; and (4) assuming the ordinance is unconstitutional, R–Goshen presented sufficient disputed issues of material fact to survive summary judgment.

The district court found that plaintiff's takings claim was unripe, *R–Goshen LLC v. Village of Goshen*, 289 F.Supp.2d 441, 450 (S.D.N.Y.2003), and we conclude that all of plaintiff's § 1983 claims were unripe, *see Williamson County Reg'l Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 186, 194, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985) (establishing two-part test for

** The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

assessing ripeness of takings claims); *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals,* 282 F.3d 83, 88–89 (2d Cir.2002) (extending *Williamson County'* s ripeness analysis to procedural due process and equal protection violation claims that arise "in the context of land use challenges"); *Southview Assocs., Ltd. v. Bongartz,* 980 F.2d 84, 96–97 (2d Cir.1992) (same for substantive due process violation claims). Following the planning board's indication that the proposal did not conform to the zoning provisions, R–Goshen and the planning board continued to discuss possible modifications to R–Goshen's plan. R–Goshen did not press the board to a final determination and, instead, brought this suit. Under these circumstances, none of R–Goshen's § 1983 claims were ripe, jurisdiction was lacking, and thus their dismissal was appropriate.

We have carefully considered all of R–Goshen's remaining arguments and find them to be without merit.

Accordingly, and for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.